UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA SERRANO, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-08602 |
| v. | ) | |
| | ) | |
| ALLIANT CAPITAL MANAGEMENT, LLC, and HUNTINGTON DEBT HOLDING, LLC, | ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff Maria Serrano brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Electronic Funds Transfer Act, 15 U.S.C. §1693, *et seq*. ("EFTA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq*. ("ICAA"), and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, § 1692m of the EFTA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## **STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990)

("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Maria Serrano ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a defaulted SpotLoan consumer loan account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as that term is defined in 225 ILCS 425/2.

6. Defendant Alliant Capital Management, LLC ("Alliant") is a New York limited liability company that does or transacts business in Illinois. Its registered agent is Corporation Service Company, located at 80 State Street, Albany, New York 12207. (Exhibit A, Record from the New York Department of State).

7. Alliant is engaged in the business of a collection agency, using the mails and telephone to collect, or attempt to collect, delinquent consumer debts originally owed to others.

8. Alliant is a "debt collector" as that term is defined at § 1692a(6) of the FDCPA, and a "collection agency" as that term is defined at 225 ILCS 425/2 of the ICAA.

9. Defendant Huntington Debt Holding, LLC ("Huntington") is a New York limited liability company that does or transacts business in Illinois. Its registered agent is Corporation Service Company, located at 80 State Street, Albany, New York 12207. (Exhibit B, Record from the New York Department of State).

10. Huntington is engaged in the business of a collection agency, using the mails and telephone to collect, or attempt to collect, delinquent consumer debts originally owed to others.

11. Huntington is a "debt collector" as that term is defined at § 1692a(6) of the FDCPA, and a "collection agency" as that term is defined at 225 ILCS 425/2 of the ICAA.

## FACTUAL ALLEGATIONS

12. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a SpotLoan consumer loan account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

14. Huntington subsequently purchased the alleged debt, and assigned it for collection to Alliant for collection.

15. Alliant called Plaintiff on her cell phone, and arranged a payment plan with Alliant where Plaintiff would pay $50 every two weeks via an ACH withdrawal from Plaintiff's bank account.

16. The payments were to occur at regular monthly intervals.

17. An ACH withdrawal is a payment instrument.

18. Thus, the payments are "preauthorized electronic fund transfers" as that term is defined at 1693a(10) of the EFTA.

19. Alliant subsequently sent a letter ("Letter") to Plaintiff to memorialize the payment plan. (Exhibit C, Letter).

20. The Letter conveyed various information to Plaintiff regarding the alleged debt, including a reference number, the original creditor and an account balance.

21. The Letter was, thus, a "communication" as that term is defined in § 1692a(2) of the FDCPA.

22. The Letter failed to include the date upon which Plaintiff entered into the payment plan with Alliant, or any of the terms of the payment plan.

23. Plaintiff was confused, and the unsophisticated consumer would be confused, as to what agreement she had made with ACM.

24. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

25. Alliant used a false representation or deceptive means in connection to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), when it sent a Letter purportedly to memorialize the terms of a payment plan, and failed to include the amount of each payment and the total amount Plaintiff agreed to pay.

26. Alliant falsely represented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), when it failed to represent the amount being paid as part of the plan, and the amount due for each payment.

27. On February 22, 2016, Alliant deducted the first $50 payment from Plaintiff's bank account.

28. The payments continued through July of 2016.

29. ACM never obtained written authorization from Plaintiff to withdraw the payments from her account, instead relying on high pressure tactics over the phone to collect her bank account information.

30. Had Plaintiff had her opportunity to review the payment plan, and provide written authorization, she would have declined to do so, as she was unable to afford the payments ACM pressured her to make.

31. In fact, she ultimately had to file for a Chapter 7 bankruptcy.

32. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides as follows:

> **Preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made.**

33. In multiple instances, ACM debited Plaintiff's bank account on a recurring basis, in violation of 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b), when it debited the account without obtaining a written authorization for preauthorized electronic fund transfers from Plaintiff's account.

34. The transfers continued through July of 2016.

35. ACM never sent Plaintiff a letter warning her of its intent to withdraw payments from her account, or how much those payments would be.

36. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days**

**unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit. . . .**

37. Defendant used unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f(2), when it deposited Plaintiff's payment instrument without notifying her not more than ten nor less than three business days prior to each deposit.

38. On July 5, 2016, Plaintiff filed for Chapter 7 bankruptcy in the Northern District of Illinois Bankruptcy Court.

39. On July 22, 2016, Alliant deducted another payment from Plaintiff's bank account in the amount of $59.21. (Exhibit D, Plaintiff's Redacted Bank Statement showing Defendant's deduction which posted on July 25, 2016).

40. The July 22 payment exceeded the $50 payment pursuant to the payment plan.

41. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

42. Alliant used unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when it collected an additional $9.21 over and above the agreed payment plan amount of $50 in July of 2016.

43. 225 ILCS 425/9 of the ICAA provides as follows:

**. . . (33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized**

        **in a subsequent agreement. If a contingency or hourly fee arrangement (i) is established under an agreement between a collection agency and a creditor to collect a debt and (ii) is paid by a debtor pursuant to a contract between the debtor and the creditor, then that fee arrangement does not violate this Section unless the fee is unreasonable. The Department shall determine what constitutes a reasonable collection fee. . . .**

44. Alliant collected an amount in excess of the payment plan amount, in violation of 225 ILCS 425/9(33) of the ICAA.

45. A private right of action exists for a violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979).

46. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

47. Alliant also continued to collect on an alleged debt during Plaintiff's bankruptcy stay.

48. Alliant knew or should have known of Plaintiff's bankruptcy, which would be listed in any routine bankruptcy scrub.

49. ACM regularly conducts such "banko scrubs."

50. 15 U.S.C. § 1692e of the FDCPA provides as follows:

        **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

        **. . . (2) The false representation of—**

            **(A) the character, amount, or legal status of any debt. . . .**

51. Alliant misrepresented the legal status of a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), when it alleged it to be collectable and continued to collect on the alleged debt from Plaintiff during Plaintiff's bankruptcy stay.

52. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

53. Alliant used unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when it collected payments on the alleged debt during Plaintiff's bankruptcy stay.

54. 225 ILCS 425/9(a)(33) of the ICAA provides as follows:

> **Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**

55. Alliant attempted to collect amounts not authorized by law or the agreement creating the debt when it continued to collect payments on the alleged debt during Plaintiff's bankruptcy stay, in violation of 225 ILCS 425/9(a)(33) of the ICAA.

56. Huntington authorized, directed, and ratified every action taken by Alliant on its behalf, and is liable for the acts and omissions of Alliant, committed in connection with efforts to collect the alleged debt from Plaintiff. *See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000).

57. A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

58. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

60. Alliant used a false representation or deceptive means in connection to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), when it sent a Letter purportedly to memorialize the terms of a payment plan, and failed to include the amount of each payment and the total amount Plaintiff agreed to pay.

61. Alliant falsely represented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), when it failed to represent the amount being paid as part of the plan, and the amount due for each payment.

62. Defendant used unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f(2), when it deposited Plaintiff's payment instrument without notifying her not more than ten nor less than three business days prior to each deposit.

63. Alliant used unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when it collected an additional $9.21 over and above the agreed payment plan amount of $50 in July of 2016.

64. Alliant misrepresented the legal status of a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), when it alleged it to be collectable and continued to collect on the alleged debt from Plaintiff during Plaintiff's bankruptcy stay.

65. Alliant used unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when it collected payments on the alleged debt during Plaintiff's bankruptcy stay.

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor and against each Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages from Defendant Alliant pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Statutory damages from Defendant Huntington pursuant to 15 U.S.C. § 1692k(a)(2);

    D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    E.    Such other or further relief as the Court deems proper.

### COUNT II—ELECTRONIC FUNDS TRANSFER ACT

66. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

67. In multiple instances, ACM debited Plaintiff's bank account on a recurring basis, in violation of 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b), when it debited the account without obtaining a written authorization for preauthorized electronic fund transfers from Plaintiff's account.

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor and against each Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692m(a)(1);

  B. statutory damages pursuant to § 1692m(a)(2);

  C. costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692m(a)(3); and,

  D. such other or further relief as the Court deems proper.

### COUNT III—ILLINOIS COLLECTION AGENCY ACT

68. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

69. Alliant collected an amount in excess of the payment plan amount, in violation of 225 ILCS 425/9(33) of the ICAA.

70. Alliant attempted to collect amounts not authorized by law or the agreement creating the debt when it continued to collect payments on the alleged debt during Plaintiff's bankruptcy stay, in violation of 225 ILCS 425/9(a)(33) of the ICAA.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against each Defendant as follows:

  A. Compensatory and punitive damages;

  B. Costs; and,

  C. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

           By: s/Celetha C. Chatman
             Celetha C. Chatman

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com

mwood@communitylawyersgroup.com